NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0723n.06

No. 07-3799

**FILED**
**Nov 05, 2009**
LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JERMAINE LEE,

      Defendant - Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before:  MARTIN, ROGERS, and COOK, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.  Jermaine Lee argues that the government did not present sufficient evidence to convict him because the witnesses, including the informants and his co-defendants, had criminal convictions and other credibility issues, and also because the second videotape of him selling crack to an FBI informant did not include a clear picture of his face.  Lee also argues that his sentence was unreasonable because the district court failed to consider the Section 3553(a) factors. For the following reasons, we **AFFIRM** the judgment of the district court.

**I.**

On June 14, 2006, the grand jury returned a 49-count indictment against Lee and his co-defendants for activities related to the possession and sale of crack cocaine within 1,000 feet of a public school.  Lee was charged with  Count 1, conspiracy to possess with intent to distribute and to distribute more than 50 grams of crack in violation of 21 U.S.C. § 846; and Count 2, distribution of approximately 1.32 grams of crack in violation 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C.

§ 2; Count 26, distribution of approximately 6.8 grams of crack in violation 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2; and Count 28, distribution of approximately 12.42 grams of crack in violation 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.

At his trial, the government presented evidence of several sales, including Count 2, which took place on August 16, 2005, and Count 26, which took place on December 13, 2005. On August 16, a videotape recorded Lee selling 1.32 grams of crack to police informant Dennis Park under the supervision of FBI Special Agent Kolonick. Agent Kolonick, informant Parks, and co-defendant Abdul Glover, who witnessed the sale and acted as a lookout for Lee, testified at trial. The jury also viewed the videotape of the event.

The jury also heard testimony about the December 13 sale from Agent Kolonick; informant "Smiley," who purchased the crack; and Lee's co-defendants Kevin Daniels and Jeff Lee, who participated in the sale. The jury also viewed this sale on videotape.

At trial, Lee was found guilty of Counts 2 and 26, but not guilty of Counts 1 and 28. The U.S. Probation Office prepared a presentence report and calculated his criminal history category at V and his adjusted base offense level at 28, producing an advisory guideline sentencing range of 130-162 months. At the May 29, 2007 sentencing, Lee did not object to the calculations therein. His counsel requested that Lee be sentenced "at the lower end of the guidelines" but did not request a variance. At sentencing, the government noted that this was Lee's fifth conviction and that three of the four prior adult felony convictions were for drug trafficking or possession.

The court sentenced him to a term of 145 months on Counts 2 and 26 (concurrent) followed by sixteen years' supervised release. In doing so, the court stated:

> I have consulted the advisory Sentencing Guideline range. This is a sentence within that range. It is not a sentence at the lowest end, it is a sentence more at the mid range. This court has taken into consideration the what I consider to be an extensive criminal record, and you're very fortunate you're not a career offender.

Lee timely appealed.

## II.

### A.     Sufficiency of the Evidence

For claims of insufficient evidence, we review "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Wood*, 364 F.3d 704, 716 (6th Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We do not "weigh evidence, make credibility determinations, or substitute . . . our judgment for the jury's verdict." *United States v. Crossley*, 224 F.3d 847, 855-56 (6th Cir. 2000). We are required to "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006). "A defendant claiming insufficiency of the evidence bears a very heavy burden. On review, all evidence must be construed in a manner most favorable to the government." *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir.) (citations omitted), *cert denied*, 476 U.S. 1123 (1986). Evidence is not insufficient merely because the defendant doubts the credibility of government witnesses. *Paige*, 470 F.3d at 608.

To prove a violation of 21 U.S.C. § 841(a)(1), the government must prove that a person knowingly and intentionally distributed a controlled substance. As noted above, the government presented substantial evidence on Count 2, including three witnesses—an FBI agent, an informant,

and a co-defendant—and a videotape of the event. The government also presented testimonial evidence on Count 26, including testimony of an FBI agent, an informant, and two co-defendants, and a videotape of the sale. Though Lee was found not guilty of Count 28, the jury found him guilty of Counts 2 and 26. While Lee is correct that some of the witnesses, including the informants and his co-defendants, had criminal convictions and other credibility issues, the jury was able to observe them and found their statements to be sufficiently credible to support their finding of guilt beyond a reasonable doubt. As Lee has not met his substantial burden of showing that all evidence, construed most favorably to the government, was insufficient to support his conviction, we reject Lee's argument.

**B.       Unreasonable Sentence Under Section 3553(a)**

Lee also argues that the court imposed an unreasonable sentence and failed to consider pertinent Section 3553(a) factors. However, on October 8, 2009, the district court reduced Lee's sentence pursuant to 18 U.S.C. § 3582(c)(2) from 145 months to the statutory mandatory minimum of 120 months. Thus, his claim that the district court failed to consider section 3553(a) factors is now moot because, as his conviction stands, he cannot possibly receive a lower sentence.[1]

**III**.

For the foregoing reasons, we **AFFIRM** the judgments of the district court.

---

[1] He makes no argument that he would qualify for "safety valve" relief pursuant to 18 U.S.C. § 3553(f), nor does it appear that he would so qualify.